NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 7, 2020
Decided January 24, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2881

| | |
|---|---|
| ANDREW ROBERTS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-C-629 |
| MARK J. JENSEN, et al.,<br>    *Defendants-Appellees*. | Lynn Adelman,<br>*Judge*. |

**O R D E R**

Andrew Roberts, a Wisconsin inmate, had a series of medical issues he felt went unaddressed or were mishandled by prison medical officials. Roberts sued various members of the Waupun Correctional Institution medical staff alleging they violated his Eighth Amendment rights. In Roberts's complaint he listed as defendants "Nurse Ann Tabb" and "Nurse Slinger." The case proceeded against the various defendants, including Ann York, whose prior names included "Ann Tabb" and "Ann Slinger."

The district court granted the defendants summary judgment on Roberts's claims, including the claim against nurse Ann York. On appeal, Roberts seeks reversal because a different defendant he meant to sue, Mary Slinger, was never served. First we

conclude the district court has issued a reviewable final judgment. We also decide that because Roberts failed to properly serve Mary Slinger, request an extension from the district court to do so, or show good cause to extend the time for service on appeal, the district court's decision should be affirmed.

## I.        Factual and Procedural Background

Roberts sued prison guards and medical providers for deliberate indifference to his epididymitis, a serious testicular infection. Roberts sued defendants Jensen, "Nurse Ann Tabb," (Ann York), Lyon, Schaefer, "Nurse Slinger," Grieser, and Gernetzke for deliberate indifference to his medical needs based on their failure to send him to a doctor when he complained of his pain and the nurses' failure to visually examine his testicle. As a result, Roberts's condition worsened to the point his testicle was removed.

The district court screened the complaint and determined Roberts had stated a claim for relief against all the defendants. *See* 28 U.S.C. 1915A**.** The court also ordered that "pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent … to the Wisconsin Department of Justice for service on defendants Jensen, Tabb, Lyon, Judy, Slinger, Grieser, and Brockhouse." Consistent with the complaint, the Order caption listed "Anne Tabb" and "Nurse Slinger" individually. The Wisconsin DOJ accepted service and appeared on behalf of all defendants except Mary Slinger. The acceptance of service form dated June 21, 2017 stated Ann York (named by Roberts as "Nurse Tabb") was the "same as Ann Tabb and Ann Slinger." (Dist. Ct. D.E. 12.) Nurse Mary Slinger, therefore, was never served and did not participate in the case.[1] The defendants mailed a copy of the acceptance of service form listing all served defendants to Roberts. *Id*.

Before the district court, Roberts argued the Wisconsin Department of Justice and the district court erred by not serving Mary Slinger. Defendants explained they were accepting service for "Ann York," and told the court they understood "Ann York" to be the same person as "Ann Slinger," Roberts did not respond by clarifying he meant to

---

[1] Mary Slinger saw Roberts for one medical appointment on July 9, 2011.

sue an additional person, "Mary Slinger." Roberts's complaint never mentioned "Mary" Slinger, and Mary Slinger actually died five years before Roberts commenced this case.[2]

Roberts and the defendants eventually moved for summary judgment. In Roberts's motion, filed first on October 19, 2017, he referred to nurses York and Slinger separately among the nurses who had failed to examine him and failed to send him to a doctor. (Dist. Ct. D.E. 19-22.) The defendants' motion, filed second on December 15, 2017, addressed the allegations against Mary Slinger, but noted she was not a defendant. (Dist. Ct. D.E. 24-32.) In response to the defendants' motion for summary judgment, Roberts included a footnote disputing that Nurse Mary Slinger was not a defendant. (Dist. Ct. D.E. 35 at 4 n.3.) Roberts claimed the defendants were attempting to remove Mary Slinger from the case by not accepting service for her. *Id*. Although Roberts recognized that Mary Slinger had not been served in the case, he did not request that Mary Slinger be served or ask for additional time to serve her.

On July 28, 2018 the district court denied Roberts's motion for summary judgment and granted summary judgment for the defendants. The district court issued a thorough and detailed 13-page order resolving the claims as to each of the served defendants. The order was captioned "Andrew Roberts, Plaintiff, v. Mark Jensen, Kristin Lyon, Judy Schaefer, Ann York, Samuel Grieser, and Carla Gernetzke, Defendants." Roberts timely appealed.

This court originally agreed to consider this case without oral argument and based upon the facts and legal arguments in the briefs and record. FED. R. APP. P. 34(a)(2)(c). After reviewing the briefs and record on appeal, we requested additional briefing and oral argument. The previously-filed briefs were stricken, counsel was appointed for Roberts,[3] and we ordered the parties to address the following: (1) because Mary Slinger was never served, whether the district court's decision as to the served defendants is a reviewable final judgment under *Ordower v. Feldman*, 826 F.2d 1569 (7th Cir. 1987); (2) whether any error occurred with respect to the failure to serve Mary Slinger, *see Williams v. Werlinger*, 795 F.3d 759, 759–60 (7th Cir. 2015); and (3)

---

[2] Per the defendants-appellees, Ann Slinger/Tabb/York is the daughter of Mary Ann Slinger. Both worked as nurses at the prison. Mary Slinger died in 2012. (Appellate D.E. 25, p. 25, no. 9.)

[3] On appeal this court appointed Attorney Joanna Kopczyk of the Patterson Law Firm in Chicago to represent Roberts. We thank Attorney Kopczyk and her firm for their able efforts and hard work on behalf of Roberts in this case.

whether good cause exists to grant Roberts more time to serve Mary Slinger under Federal Rule of Civil Procedure 4(m) because of any potentially meritorious claim against her, and whether this court may reach that question.

## II.   Discussion

### A.   Standard of Review

This court reviews de novo the district court's grant of summary judgment. *Steimel v. Wernet*, 823 F.3d 902, 910 (7th Cir. 2016). Although no motion for an extension of time to serve process was made to the district court here, such a motion is reviewed for abuse of discretion. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). Appellate review of service time extensions is "deferential." *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996).

### B.   The district court's decision is a reviewable final judgment.

We first asked the parties to address whether the district court's decision as to the served defendants is a reviewable final judgment. Both parties submit it is, and we agree.

In *Ordower*, we held that a district court's decision with respect to served defendants is not a reviewable final judgment if the plaintiff has an outstanding claim against any unserved defendants. *See also Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001) (applying *Ordower*). If, however, a new attempt to serve the unserved defendants would be untimely, and the statute of limitations barred the plaintiff from initiating a new suit, then the order is final because the plaintiff has no avenue for relief against the unserved defendant in the district court. *Ordower*, 826 F.2d at 1572–73.

This case fits within that conditional statement. The district court's July 28, 2018 order granting summary judgment is final based on the passage of time in the underlying litigation. Any new attempt to serve Slinger would be untimely, *see* FED. R. CIV. P. 4(m), so Roberts was not free to file an amended complaint joining Mary Slinger. And Wisconsin's statute of limitations bars him from initiating a new suit, *see* Wisc. Stat. § 893.53; *Cannon v. Newport*, 850 F.3d 303, 305–06 (7th Cir. 2017). That limitations period for the underlying complaint had run when the district court ruled on the parties' cross-motions for summary judgment.

The district court's judgment disposed of all claims as to all parties who were before the court, which Roberts acknowledges. And the district court could not have decided Roberts's claims against Mary Slinger because she was never served. Because the district court's decision resolved all claims properly before the court, it is final for purposes of appeal under 28 U.S.C. § 1291. *Roberts v. Jensen*, No. 17-cv-629 (E.D. Wis. July 28, 2018) (Dist. Ct. D.E. 40) (order granting defendants' motion for summary judgment); (Dist. Ct. D.E. 41) (judgment entered in favor of defendants on the merits).

### C.        Failure to serve Mary Slinger

Second, we inquired whether any error occurred in the failure to serve Mary Slinger. Under Federal Rule of Civil Procedure 4(c), "[t]he plaintiff is responsible for having the summons and complaint served … ." At a plaintiff's request, the court may order that service be made by a U.S. marshal, deputy marshal, or another person appointed by the court. FED R. CIV P. 4(c)(3). The court must appoint a process server if the plaintiff is authorized to appear before the court, but the plaintiff must make such a request before the court is required to effectuate service for the plaintiff. *Id.*

Here, Roberts did not have Mary Slinger timely served, nor did he ask for service to be accomplished. The record is silent as to why Roberts did not speak up earlier about this failure. On three occasions Roberts was placed on notice that Mary Slinger had not been served: (1) Roberts would have received the acceptance of service form (Dist. Ct. D.E. 12) by mail shortly after June 21, 2017, which listed Ann York (same as Ann Slinger) but did not list Mary Slinger; (2) the Defendants' Answer and Affirmative Defenses (Dist. Ct. D.E. 14) listed those defendants answering in the first paragraph, and Mary Slinger was not listed; and (3) the Defendants' Objection to Dkt # 16, Judicial Notice (Dist. Ct. D.E. 17) listed those defendants answering in the first paragraph, and Mary Slinger was not listed. Once Roberts received these documents which showed Ann York was served but Mary Slinger was not, and that defendants' counsel was not representing Mary Slinger, Roberts could have contacted the court to ask that Mary Slinger be served. Roberts did not do so. When Roberts was placed on notice that the defendants did not include Mary Slinger, Roberts was obliged to bring that fact to the court's attention. The district court ordered those defendants to be served whom it was asked to have served. If an individual is not served, such as Mary Slinger here, it does not fall on the court to cure that mistake, as the plaintiff is in the best position to know whom that plaintiff wishes to sue.

On appeal, Roberts provides two cases to support his argument that the court, despite the language of Rule 4(c)(3) and the manner in which courts have typically applied that language, is responsible for appointing someone to serve the parties even without the plaintiff's request. Roberts cites *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) and *Williams v. Werlinger*, 795 F.3d 759 (7th Cir. 2015). Both are distinguishable from this case, though. In *Sellers*, the court had already ordered service by the marshal and the questions at issue involved the level of information a plaintiff needs to provide the marshal to aid service, and what level of diligence and effort is required of the marshal. *Sellers*, 902 F.2d at 602. The scenario was the same in *Williams*, where the issue was that "[t]he district judge issued the order, but didn't follow it up" after a defendant was not served. *Williams*, 795 F.3d at 760. Neither case supports Roberts' argument here that the district court erred by "[f]ailing to take any action with regards to Mary Slinger," despite his failure to request appointment for service.

As the person experiencing pain and alleging lack of treatment, Roberts knew best whom to sue, and thus to serve. But the name "Mary Slinger" does not appear in the complaint, and the first time her full name arises in the district court is in the *defendants*' response to Roberts's summary judgment motion. (Dist. Ct. D.E. 27 at 9 ¶ 24.)[4] Moreover, we cannot conclude the district court had reason to know that Roberts wanted another person served.

The Wisconsin Department of Justice has a Memorandum of Understanding with the United States District Court for the Eastern District of Wisconsin to *accept* service for named defendants, but the Wisconsin DOJ is not appointed to *conduct* service upon defendants. (Appellees' Suppl. App. 101-02.) Such an agreement results in efficiencies we applaud. But, contrary to Roberts's argument, the agreement does not alter the parties' responsibilities under the applicable federal rules. Per Federal Rule of Civil Procedure 4(c)(3), requesting service upon defendants remains the responsibility of the plaintiff, although if a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915A such as Roberts, the court must order service of process.

In the absence of Roberts's instruction to serve Mary Slinger, we conclude the Wisconsin DOJ reasonably confused the identity of Ann York/Tabb/Slinger with that of the unnamed "Mary" Slinger, who had been deceased for over five years. Such confusion does not shift the burden to the defendants, or to the district court, to sort out

---

[4] In Roberts's reply he disputes paragraph 24, but points to another person's negligence and does not mention Mary Slinger. (Dist. Ct. D.E. 35 at 3.)

plaintiff's claims. Roberts had written notice for many months that Mary Slinger had not been served. Yet Roberts failed to timely serve Mary Slinger, bring any potential service problem to the court's attention, or request that the court appoint someone to serve Mary Slinger on Roberts' behalf. Those failures to bring Mary Slinger into this case are not the responsibility of the defendants or the district court.

**D.      Extension of time to serve Mary Slinger**

Third, we asked whether good cause exists to grant Roberts more time to serve Mary Slinger because of any potentially meritorious claim against her, and whether this court may reach that question.

"A party may not raise an issue for the first time on appeal." *Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009); *Homoky v. Ogden*, 816 F.3d 448, 455 (7th Cir. 2016) ("a party waives the ability to make a specific argument for the first time on appeal when the party failed to present that specific argument to the district court"). Roberts never asked the district court for Mary Slinger to be served, so Roberts's argument that good cause exists to grant him more time to serve her is new on appeal and thus ripe for denial.

If we reach this question, Roberts argues he should not be faulted for failing to timely serve Mary Slinger because others had responsibility for serving the defendants and never notified him she had not been served. Good cause, he argues, therefore justifies granting him more time to serve Mary Slinger. We disagree.

Even if this court did reach this question, Roberts has failed to show good cause why an extension should be granted. *See* FED R. CIV P. 4(m) (service deadline will be extended if the plaintiff can show "good cause" and may be extended in the case of excusable neglect); *see also Troxell v. Fedders of North Am., Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). Attempting to show good cause, Roberts points to the Wisconsin DOJ's failure to serve Mary Slinger, reiterating his belief it was the court's duty to ensure timely service and his belief that the Wisconsin DOJ had been appointed by the court for such a purpose. As discussed above, the DOJ was only authorized to accept service, and Roberts failed to ask the court to appoint someone to serve Mary Slinger.

Roberts also offers that pro se complaints are to be construed liberally and adjudicated on their merits, so good cause exists here. While pro se or incarcerated status can affect how courts address unnamed or misnamed defendants, *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996), this case does not present that

situation. Roberts does not argue he never knew the identity of Mary Slinger. Rather, he would have known who she was, but he simply did not have her served, did not ask the court to appoint a process server to serve her, or even alert the court or the other defendants that the acceptance of service form (Dist. Ct. D.E. 12), did not include a person he wanted to sue. Those facts distinguish this case from *Donald*, in which "the plaintiff face[d] barriers to determining the identities of the … defendants." 95 F.3d at 555.

Because Roberts did not request an extension of time to file with the district court or otherwise preserve the issue for appeal, we need not reach the extension question. Even if we were to do so, we would decline to extend the time for service because Roberts has failed to show good cause on appeal why such an extension should be granted.

### III.    Conclusion

This case presents unfortunate and confusing circumstances. Given how the case was pleaded and progressed, that confusion was understandable, but it was not the responsibility of the defendants or the district court. We see nothing from which to conclude defendants sought to take advantage of Roberts or his pro se status, and we find no reversible error. So we AFFIRM the district court's grant of summary judgment to, and judgment for, the defendants in this case.